IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| VAL O. LYONS, ) | |
| ) | |
|     Debtor. ) | Bankruptcy No. 12-01006 |
| ------------------------------------------- | |
| GERMAN AMERICAN ) | |
| CAPITAL CORPORATION, ) | Adversary No. 12-9113 |
|     Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| VAL O. LYONS, ) | |
| ) | |
|     Defendant. ) | |

**ORDER RE MOTION TO COMPEL DISCOVERY AND
MOTION FOR EXTENSION OF DISCOVERY DEADLINES**

This matter is before the Court on a Motion to Compel Discovery and a Motion for Extension of Discovery Deadlines filed by Defendant/Debtor Val O. Lyons. Plaintiff German American Capital Corporation ("German American") resists both motions. The Court held a telephonic hearing on this matter on July 29, 2013. David Skilton appeared for Lyons. Eric Lam appeared for German American. After hearing the arguments of the parties, the Court agreed to review the disputed discovery material *in camera.* The Court noted after the *in camera* review that it would decide the Motion to Compel, and, if necessary, the Motion for

Extension of Time to Complete Discovery. This is a core proceeding under 28 U.S.C. § 157(b)(2)(J).

## STATEMENT OF THE CASE

German American brought this case to object to Debtor's discharge under 11 U.S.C. §§ 727(a)(4)(A), (a)(2)(A), and (a)(2)(B). Lyons filed an answer admitting a number of the factual allegations but denying German American's request to deny Lyons' discharge. The parties have had numerous discovery disputes throughout this case. The issue before the Court is again related to the discovery disputes.

Lyons has filed a Motion to Compel. Lyons asserts that in recent depositions, he discovered the existence of "loan file" documents that he did not have. He notes that, after bringing this to the attention of German American, he received many such documents. However, Lyons asserts in the Motion to Compel that he did not receive all of the "loan file" documents.

German American notes that it objected to the production of these documents on the grounds that they are not relevant to this case, nor would they lead to the discovery of relevant information. German American provided Lyons with a privilege log listing twelve different documents. The first of those documents was identified as a letter from a Georgia attorney to the Branch Banking and Trust Co. (the "Bank") that provided Lyons the loan which German American subsequently

2

purchased. German American also asserts an attorney-client privilege objection to production of that document. The next eleven documents appear to be documents related to the Lyons loan. At the hearing, it became apparent that there was also a thirteenth document. The thirteenth document was identified as the Loan Sale Agreement between German American and the Bank, which made the original loan to Lyons.

As noted, during the hearing, the Court determined that it would do an *in camera* review of the thirteen documents to determine whether they should be produced or whether German American's objections to production were valid. German American promptly sent the thirteen documents with a cover letter, copied to Lyons' counsel and the United States Trustee, setting forth the thirteen categories of documents and a brief explanation to its objections. It noted, in particular, that the item number thirteen was the Loan Sale Agreement ("LSA") that was not on the original privilege log. German American notes the LSA also fell under the relevancy objection, but also noted some additional objections to production—based on confidential business information that would need to be addressed or redacted if the Court ordered the document to be produced.

After reviewing the documents, the arguments, and the applicable case law, the Court concludes that Lyons' Motion to Compel should be granted regarding

3

documents one through twelve. The Court finds document thirteen, the Loan Service Agreement, to be entirely irrelevant to the § 727 discharge action before the Court. The Court finds the production of the LSA provides no reasonable probability that it would or could lead to discovery of any relevant information.

## DISCUSSIONS AND CONCLUSIONS OF LAW

German American objects to all thirteen of the documents on relevancy grounds. It also objects to production of document one on the grounds of attorney-client privilege.

**I. Relevancy**

The relevancy rules for discovery have been summarized as follows:

> The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad. See Mellon v. Cooper–Jarrett, Inc., 424 F.2d 499, 501 (6th Cir.1970). "The scope of examination permitted under Rule 26(b) is broader than that permitted at trial. The test is whether the line of interrogation is reasonably calculated to lead to the discovery of admissible evidence." Ibid. (citation omitted); see also Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389–90, 57 L.Ed.2d 253 (1978). However, "discovery of matter not 'reasonably calculated to lead to the discovery of admissible evidence' is not within the scope of Rule 26(b)(1). Thus, it is proper to deny discovery of matter that is relevant only to claims or defenses that have been stricken, or to events that occurred before an applicable limitations period, unless the information sought is otherwise relevant to issues in the case." Id. at 351–52, 98 S.Ct. at 2390 (quotation omitted).

Lewis v. ACB Bus. Svcs., Inc. 135 F.3d 389, 402 (6th Cir. 1998). Stated another way:

> Under the federal rules, parties to a lawsuit may obtain discovery regarding any matter, not privileged, that is relevant to a claim or defense of any party. Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." Moses v. Halstead, 236 F.R .D. 667, 671 (D.Kan.2006) (footnote omitted).

E3 Biofuels, LLC v. Biothane, LLC, No. 8:11CV434, 2013 WL 1148445, at *1 (D. Neb. Mar. 19, 2013).

Even under these broad rules, the Court finds the relevancy of all these documents to be less than clear in this § 727 case. The Court sees virtually no evidence that might be admissible at trial. However, the Court will give Lyons the benefit of the doubt. The Court finds that most of the documents requested could conceivably lead to the discovery of admissible evidence. This conclusion applies for documents one through twelve. All of these documents relate to or appear to be part of the file and related documentation specific to Lyons.

The Court concludes, however, that document thirteen, the LSA documenting German American's purchase of a group of loans from the Bank is simply not relevant, even stretching the very broad relevancy rules to their absolute limits.

The LSA involves Lyons only to the extent that it lists Lyons' Loan as one that German American purchased with a large group of loans. Lyons does not appear to contest this fact. In fact, he admits as much in his Answer to the Complaint. He admits the loan resulted in a judgment against him in excess of $7,000,000. He also admits the loan was domesticated to enforce in Iowa. Lyons has not objected to German American's proof of claim or that German American has ownership of the claim. There appears to be absolutely nothing related to German American's claim for denial of discharge under § 727(a) or any of Lyons' defenses. The Court thus concludes documents one through twelve are relevant under the broad definition of relevancy for discovery. The Court concludes document thirteen, the LSA, is not relevant.

## II.  Attorney-Client Privilege

German American has also objected on the grounds of attorney-client privilege to production of document one—a letter from Georgia counsel to the Bank discussing the Lyons' loan. German American asserts that it is the successor to the loan and the attorney-client privilege that goes with it. The Court disagrees.

One court summarized the applicable rule as follows:

> Where one corporation merely sells its assets to another, however, the privilege does not pass to the acquiring corporation unless (1) the asset transfer was also accompanied by a transfer of control of the business and (2) management of the acquiring corporation continues the

>business of the selling corporation. See, e.g., Orbit One Commc'ns, Inc. v. Numerex Corp., 255 F.R.D. at 104 ("[i]f the transaction is nothing more than an asset transfer, the successor company does not acquire the former company's privilege [;][c]onversely, where efforts are made to run the pre-existing business entity and manage its affairs, successor management stands in the shoes of prior management and controls the attorney-client privilege with respect to matters concerning the company's operations").

McKenzie-Childs, LLC v. McKenzie-Childs, et al, 262 F.R.D. 241, 248 (W.D.N.Y. 2009) (numerous cited cases omitted). See also Ramada Franchise System, Inc. v. Hotel of Gainesville Assoc., 988 F.Supp. 1460 (N.D. Ga. 1997) (noting the same); VIA Technologies, Inc. v. SONICBlue Claims, LLC, 2010 WL 2486022 (N.D. Cal. June 16, 2010); American Int'l. Specialty Lines Ins. Co. v. NWI-I, Inc., 240 F.R.D. 401 (N.D. Ill. 2007) (reciting same rule).

Applying this rule to the facts currently before the Court, the Court concludes that the transfer of assets in this case was an asset purchase agreement that did not transfer any control of the business or give German American any management rights. Thus, the LSA did not transfer the attorney-client privilege. As such, the Court finds that the attorney-client privilege does not apply and document one should be produced.

### III. Motion to Extend Discovery Deadlines

The final matter before the Court is Lyons' Motion to Extend the Discovery Deadline. It depended entirely on the Court granting its Motion to Compel. Because the Court granted the majority of the Motion to Compel, it now addresses the Motion to Extend Discovery Deadlines.

The Court grants the Motion to Extend Discovery Deadlines for a period of 30 days, but limits that extension to matters related directly to or arising from documents one through twelve the Court has now ordered to be produced. Discovery remains closed on all other issues.

For these reasons, the Court **GRANTS** the Motion to Compel documents one through twelve, and **DENIES** the Motion to Compel document 13—the Loan Sale Agreement. The Court further orders that the Motion to Extend the Discovery Deadline is **GRANTED** for 30 days consistent with the limitations noted above.

Dated and Entered:  October 21, 2013

_____
THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE